

William Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, for plaintiff.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen. for defendant.

---

**STATE**

v.

**Sergio SANCHEZ.**

**Nos. 86–320 C.A., 86–367 M.P.**

Supreme Court of Rhode Island.

Nov. 5, 1987.

## OPINION

### PER CURIAM.

This case came before us for oral argument on October 2, 1987, pursuant to an appeal taken by the defendant from the denial of his pretrial motion to dismiss an indictment charging defendant with murder on the ground that retrial would violate the ban on double jeopardy contained in the Fifth Amendment to the Constitution of the United States. The case was also before us on defendant's petition for certiorari to review a denial of his motion to suppress a statement that he made to the Providence police as the fruit of an unlawful arrest.

At this time we only address the double jeopardy claim raised by the defendant.

The defendant's argument in support of the double jeopardy issue is based upon the trial justice's excusing of a juror shortly after the jury had been instructed and retired to deliberate. The trial justice excused one of the jurors who was described as an elderly man who suffered from a heart condition. After examining the juror in chambers, in the absence of the parties and their counsel, the trial justice determined that the juror could not proceed further in the deliberations of the case. Since defendant was unwilling to proceed with eleven jurors, the trial justice declared a mistrial and continued the case for a retrial.

The defendant objected to the retrial, contending that the excusing of the juror was not based upon manifest necessity and that consequently, his valued right to proceed to the determination of his case by the tribunal that had been assembled to sit in judgment upon him was violated. *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); *State v. Torres*, 524 A.2d 1120 (R.I. 1987).

As a consequence, defendant moved to dismiss the indictment at the outset of his second trial, and when said motion was denied, he took an immediate appeal in accordance with the principles enunciated in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

After considering the oral arguments of counsel and the briefs filed by the parties, we are of the opinion that further evidence is required in order to assist us in resolving this issue. The record is barren of any evidence concerning the physical and medical condition of this juror in the period immediately following his excusal from further service in this case. We do not know whether he later consulted a physician, whether he was admitted to a hospital for treatment or whether he completely recovered from a momentary indisposition.

We are of the opinion that information of a more definite nature regarding this juror's condition is essential to our resolution of the double jeopardy claim.

Consequently, we hereby remand this case to the Superior Court with directions that an evidentiary hearing be held concerning the juror's physical and medical condition during the period immediately following his excusal from service on this jury and for a reasonable period of time thereafter. At the conclusion of the evidentiary hearing, the trial justice may make revised findings of fact and conclusions of law based upon the additional evidence which has been submitted. Thereafter, the papers in the case may be returned to this court; the parties may file supplemental briefs and have the benefit of oral argument relating to the revised findings of fact and conclusions of law.